UNITED STATES OF AMERICA

vs                                  **Docket No.: 8:21-cr-75-MSS-TGW**

CARLOS ALBERTO PRECIADO-LANDAZURI

_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE

COMES NOW, the defendant, Carlos Alberto Preciado-Landazuri, by and through undersigned counsel, and files the following sentencing memorandum requesting the imposition of a sentence below the advisory guideline range computed in the Presentence Investigative Report (PSR) as such a sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a). As grounds to support this motion, Mr. Preciado-Landazuri states:

## I. INTRODUCTION

### a. Mr. Preciado-Landazuri's Character and Background

Mr. Preciado-Landazuri is a 39-year-old loving husband and father of two who worked hard as a fisherman in the poverty-stricken town of Esmeralda, Ecuador. Unable to make ends meet and wanting so badly to help his family, Mr. Preciado-Landazuri made the very poor decision to commit the offense for which he is before this Honorable Court.

### b. The Offense Conduct

This case involves four individuals, including Mr. Preciado-Landazuri in a go-fast vessel that the United States Coast Guard interdicted in the Eastern Pacific Ocean, approximately 63 nautical miles south of Isla de Malpelo, Colombia. Subsequently, law enforcement discovered

1,528 kilograms of cocaine. The parties were eventually brought to the United States through Tampa, Florida.

Mr. Preciado-Landazuri accepted responsibility early in the instant case and eagerly allowed law enforcement to debrief him shortly after his arrest to provide substantial assistance to the Government, which will result in the Government filing a USSG §5K1.1 motion. Thereafter, he admitted his guilt through a plea agreement with the Government.

## II. GUIDELINES CALCULATION AND MOTION FOR MITIGATING ROLE

Mr. Prevciado-Landazuri's advisory guideline range, as calculated in the Presentence Investigation Report (PSR) falls at a total offense level of 33 with a criminal history category I. As such, the PSR's advisory guidelines range is 135 to 168 months. However, Mr. Preciado-Landazuri respectfully requests this Honorable Court grant his motion for a two-level reduction for his role in the offense as a minor participant because his role in the conspiracy was "less culpable than most other participants in the criminal activity," but not minimal. *See* U.S.S.G. §3B1.2 Application Note 5.

Regarding Mitigating Role, Application note (3) to U.S.S.G. §3B1.2, states:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i)     the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii)     the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii)     the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv)     the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v)     the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. §3B1.2 Application Note 3(C) 2015

Mr. Preciado-Landazuri was a minor participant in the conspiracy because, among other things, he was merely a crewmember on a drug-transporting vessel. He was unaware of the scope and structure of the organization (factor i). He did not participate in planning or organizing the drug smuggling (factor ii). He had no decision-making authority nor did he have influence over decision making (factor iii). Mr. Preciado-Landazuri simply followed orders and had no discretion (factor iv). Lastly, he was to be paid very little compared to the drugs' value (factor v).

Additionally, the last two above-referenced paragraphs in U.S.S.G§3B1.2 Application Note 3(c), support this Honorable Court granting a minor role adjustment because again, Mr. Preciado-Landazuri did not have a proprietary interest in the drug smuggling and was merely offered to be paid to perform certain tasks as directed. He should not be held responsible to the same extent as the organizers of this trip, the financiers, nor the drugs' owners and buyers – all of whom are more culpable than he. To hold Mr. Preciado-Landazuri to the same degree of culpability as those individuals would make mitigating role meaningless.

Should this Court grant a two-level reduction for mitigating role, Mr. Preciado-Landazuri would also qualify for an additional three-level reduction under U.S.S.G. §2D1.1(a)(5) bringing his total offense level to a 27 with a guideline prison range of 70-87 months.

### III. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

As this Honorable Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). The use of the guidelines in a roll other than advisory

violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the Guidelines sentence should apply. *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

As further explained below, Mr. Preciado-Landazuri respectfully suggests that an individualized consideration of the 18 U.S.C. § 3553(a) factors supports the imposition of a below-guidelines sentence.

**a. Nature and circumstances of the offense and the history and characteristics of Mr. Preciado-Landazuri.**

Without downplaying the seriousness of this offense, Mr. Preciado-Landazuri's background plays a significant role in his involvement. A resident of poverty-stricken Esmeralda, Ecuador, Mr. Preciado-Landazuri wanted desperately to better provide for his family. Unfortunately, that desperate decision to participate in a drug-smuggling venture resulted in a much greater tragedy to his young family – the absence of a father and husband.

Born in Cali, Colombia, Mr. Preciado-Landazuri's parents did their best to provide a stable life for him and his four siblings. When he was a toddler, his parents moved to Chajal, Colombia. He recalls living in a two-room, wood-paneled home there with no plumbing or electricity. To say the least, life in Chajal was a struggle. From a young age, Mr. Preciado-Landazuri had to work eventually leading to the need for him to withdraw from school in the fourth grade to help support his family, trading schoolbooks for fishing poles and shrimp nets.

Yet, although money was difficult to come by, love flourished, and continues to flourish to this day.  He very badly wanted to continue his studies. To learn how to read. To learn how to write. But, as Mr. Preciado-Landazuri stated "the bigger challenge was just to survive."  Eventually life in Chajal became too dangerous and he and his family had to flee to Tumaco.  Survival mode was the norm for Mr. Preciado-Landazuri – in childhood and adulthood.

While working in Tumaco, he met the woman who would become his wife and move to her hometown of Esmeralda with her where he remained up until his arrest. In Esmeralda, Mr. Preciado-Landazuri worked as a fisherman and farmer earning nearly nothing.  He lived there in a house with his wife, 20-year-old son, and nine-year-old daughter (who suffers from asthma). Wanting to provide a better life to for his family, Mr. Preciado-Landazuri accepted an offer of approximately $26,400 US dollars for a successful smuggling trip.

Below is a picture of Mr. Preciado-Landazuri's wife and daughter in front of their home.



Below, a picture of Mr. Preciado-Landazuri (far back) fishing and shrimping.



**b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Unquestionably, Mr. Preciado-Landazuri recognizes the seriousness of this offense and realizes this Honorable Court should and will punish him accordingly. Factors are present in this case, however, that sufficiently mitigate and support a sentence below the guidelines. As his family's only financial contributor, Mr. Preciado-Landazuri's family will suffer immeasurably while he is incarcerated. A multiple year incarcerative sentence given to a non-violent, first-time offender who, after serving such sentence will be deported, will certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

## IV. CONCLUSION

After consideration of the foregoing, Mr. Preciado-Landazuri respectfully requests this Honorable Court impose a sentence below the advisory guideline range.

Respectfully Submitted,

<em>/s/ Summer Rae Goldman</em><br>
Summer Rae Goldman<br>
FBN: 0494615<br>
Goldman Wetzel, PLLC<br>
915 1st Ave. North<br>
St. Petersburg, FL 33705<br>
Telephone: (727) 828-3900<br>
Facsimile: (727)828-3901<br>
<u>Summer@goldmanwetzel.com</u><br>
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2021, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Lauren Stoia, SAUSA

<em>/s/ Summer Rae Goldman</em><br>
Summer Rae Goldman